UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**APRIL HODGES, ET AL.**            **CIVIL ACTION**

**VERSUS**            **NO. 16-662-JJB-EWD**

**ASI LLOYDS, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 22, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**APRIL HODGES, ET AL.**  CIVIL ACTION

**VERSUS**  NO. 16-662-JJB-EWD

**ASI LLOYDS, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand, filed by plaintiffs April Hodges and John Hodges (collectively, "Plaintiffs").[1] The Motion to Remand is opposed.[2] For the following reasons, the undersigned recommends that the Motion to Remand be **GRANTED** and that the matter be **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana for lack of subject matter jurisdiction under 28 U.S.C. § 1332.

## Factual and Procedural Background

On or about August 22, 2016, Plaintiffs filed a Petition for Damages and Personal Injuries in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana, based upon damages that John Hodges incurred as a result of an alleged dog attack.[3] Plaintiffs allege that on or about February 19, 2016, John Hodges and his dog were in his yard located at 170 Tchefuncte Parc Drive in Madisonville, Louisiana when a dog owned by John T. Phillips, Yamid Velasquez, and Barbara Phillips growled, barked, charged and/or attacked Hodges and his dog causing painful personal injuries, including a right knee meniscus injury.[4] Plaintiffs filed suit against John T. Phillips, Yamid Velasquez, and Barbara Phillips, as well as ASI Lloyds, which had allegedly

---

[1] R. Doc. 7.
[2] R. Doc. 9.
[3] R. Doc. 1-2.
[4] R. Doc. 1-2 at 5.

issued a homeowner's policy providing coverage to Velasquez, John T. Phillips, and Barbara Phillips at the time of the alleged dog attack.[5] In the Petition, Plaintiffs seek damages for John Hodges's pain and suffering, mental anguish and distress, medical expenses, disability, lost wages and/or loss of earning capacity, and loss of enjoyment of life.[6] Plaintiffs also seek damages for April Hodges's loss of consortium, loss of service, and loss of society.[7]

On October 5, 2016, John T. Phillips, Yamid Velasquez, and ASI Lloyds (collectively, "Defendants") removed the matter to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332(a).[8] In the Notice of Removal, Defendants assert that April and John Hodges are domiciled in Louisiana, Velasquez and John T. Phillips are domiciled in Tennessee, ASI Lloyds is an unincorporated associated association of underwriters, all of whom are citizens of Florida, and that Barbara Phillips is not a Louisiana resident or domiciliary.[9] Although Plaintiffs assert that Velasquez and John T. Phillips are Louisiana residents, Defendants claim that on June 2, 2016, Velasquez and John T. Phillips sold their home in Madisonville, Louisiana and moved to Tennessee. Defendants allege that when the Petition was filed on August 22, 2016, Velasquez and John T. Phillips had purchased a new home in Tennessee, which is where they were living at the time, and they had attained Tennessee driver's licenses.[10] Defendants assert that as of the date of removal, John T. Phillips has accepted new employment in Tennessee and Phillips and Velasquez intend to remain in Tennessee indefinitely and have no intention to return to Louisiana. Thus, Defendants allege that, "Yamid Velasquez and John Phillips are now Tennessee domiciliaries."[11]

---

[5] R. Doc. 1-2 at 5.
[6] R. Doc. 1-2 at 6.
[7] *Id*.
[8] R. Doc. 1. According to the Notice of Removal, Barbara Phillips had not been served with a copy of the state court Petition at the time of removal. (R. Doc. 1 at ¶ 9).
[9] R. Doc. 1 at ¶¶ 3-4.
[10] R. Doc. 1 at 2.
[11] *Id*.

3

Defendants further assert that it is apparent from the face of the Petition that the amount in controversy exceeds $75,000 based on the damages sought by Plaintiffs, which include damages for John Hodges's pain and suffering, mental damages, medical expenses, lost wages, disability and impairment of earning capacity and loss of enjoyment of life.[12] Defendants also rely on the damages alleged by April Hodges, which include loss of consortium, loss of service, loss of society, loss of love and affection, care, attention and sexual relations, among others listed in the Petition.[13] Defendants also rely on the fact that John Hodges suffered tears of the anterior horn of the lateral meniscus in his right knee as a result of the alleged dog attack and has incurred approximately $2,769 in medical bills as of the date of removal.[14] Defendants allege that in an effort to determine whether the amount in controversy exceeds $75,000 in this case, they requested a damage stipulation from the Plaintiffs that the amount in controversy is less than $75,000. Defendants assert that Plaintiffs failed to respond to their request.[15] Defendants contend the amount in controversy exceeds $75,000 in this case based on the allegations in the Petition, the outstanding medical bills, and the Plaintiffs' refusal to sign a stipulation stating that their damages do not exceed $75,000.[16]

On October 12, 2016, Plaintiffs filed the instant Motion to Remand, asserting that the Court lacks diversity jurisdiction because complete diversity is lacking and the amount in controversy is less than $75,000.[17] Plaintiffs assert that Defendants failed to meet their burden of proving that the amount in controversy exceeds $75,000 because the Defendants simply rely on Plaintiffs' claims of damages in the Petition, which are general and customary allegations made in all personal

---

[12] R. Doc. 1 at 4 (*citing* R. Doc. 1-2 at ¶¶ 7-8).
[13] R. Doc. 1 at 4 (*citing* R. Doc. 1-2 at ¶ 8).
[14] R. Doc. 1 at 4.
[15] R. Doc. 1 at 3-4.
[16] R. Doc. 1 at 4.
[17] R. Doc. 7.

injury lawsuits. Plaintiffs assert that there is no evidence to prove, by a preponderance of evidence, that the amount in controversy exceeds $75,000. Plaintiffs point out that as of the date of the Motion to Remand, John Hodges had incurred only $2,769 in medical bills, his last treatment was on July 13, 2016, and no surgery has been recommended for his knee injury. Although Plaintiffs made a written settlement demand on September 29, 2016, Plaintiffs maintain that the settlement offer is negotiable. Plaintiffs assert that Defendants have offered only conclusory statements that it is facially apparent from the Petition that the amount in controversy exceeds $75,000, which are insufficient to show that the Court has diversity jurisdiction.

Plaintiffs further assert that Defendants have not shown that there is complete diversity between the parties. Plaintiffs contend that at the time of the accident, Yamid Velasquez, John T. Phillips, and Barbara Phillips were Louisiana domiciliaries who resided at 162 Tchefuncte Parc Drive in Madisonville, Louisiana.[18] Plaintiffs assert that the Madisonville home was sold on June 2, 2016, at which point Velasquez and John T. Phillips moved to Jackson, Tennessee. Plaintiffs claim they are unaware of the whereabouts of Barbara Phillips, but that there is no proof that she is no longer a resident and domiciliary of Louisiana. Plaintiffs point out that no affidavits were filed by the Defendants to verify where they and Barbara Phillips were domiciled when the state court Petition was filed on August 22, 2016.[19] Plaintiffs further assert there is no competent evidence that Defendants and Barbara Phillips have given up their Louisiana domicile. Plaintiffs note that the alleged driver's license of Barbara Phillips submitted with the Notice of Removal was issued on August 28, 2014, more than two and a half years before the underlying accident occurred.[20]

---

[18] R. Doc. 7-1 at 1.
[19] R. Doc. 7-1 at 1-2.
[20] R. Doc. 7-1 at 2 (*citing* R. Doc. 1-4 at 1).

5

In opposition, Defendants maintain that this Court has diversity jurisdiction under 28 U.S.C. § 1332, re-urging the arguments raised in the Notice of Removal and further asserting that the amount in controversy is facially apparent from the Petition because Plaintiffs seek damages for injuries that are "potentially serious" and "severe."[21] Defendants also allege that on September 27, 2016, Plaintiffs' counsel propounded written discovery upon Defendants, specifically asking Defendants to admit or deny where they were living on August 23, 2016, the date the Petition was filed.[22] Defendants assert that if Plaintiffs intended to seek less than $75,000, the domicile of the Defendants would be irrelevant.

Defendants further assert that as of the date of their Opposition, Plaintiffs had not responded to their request for an Irrevocable Stipulation and Rununciation stating that Plaintiffs are not seeking damages greater than $75,000.[23] Defendants claim that this Court has previously suggested that failure to stipulate that the amount in controversy is below $75,000 is evidence that the amount in controversy exceeds the requisite amount.[24] Defendants also assert that Louisiana federal courts have consistently held that pre-petition settlement demands are "valuable evidence" for determining the amount in controversy if that amount is not facially apparent from the state court petition.[25] Defendants point out that Plaintiffs' counsel sent the settlement demand letter after the Petition was filed and after Defendants sought a damages stipulation. Defendants argue that Plaintiffs are attempting to obtain a quick settlement, but refuse to stipulate to the amount of damages because they want to keep the door open to recovery greater than $75,000. Defendants

---

[21] R. Doc. 9 at 4-5.
[22] R. Doc. 9 at 6 (*citing* R. Doc. 9-2).
[23] *See*, R. Doc. 1-5.
[24] R. Doc. 9 at 7 (citing *Broadway v. Wal-Mart Stores, Inc.*, 2000 WL 1560167 (E.D. La. Oct. 18, 2000); *Reid v. Delta Gas*, 837 F. Supp. 751 (M.D. La. 1993)).
[25] R. Doc. 9 at 7 (citing *Johnson v. Macy's Dept. Store*, 2014 WL 5822788 (M.D. La. Nov. 10, 2014)); *See also, Broussard v. Celebration Station Props.*, 2014 WL 1402144 (M.D. La. Apr. 10, 2014); *Fairchild v. State Farm Mut. Auto. Ins. Co.*, 907 F. Supp. 969 (M.D. LA. 1995).

further claim that although Plaintiffs assert John Hodges has not received a surgical recommendation and has not seen a specialist,[26] if the matter is remanded there is nothing to prevent Hodges from seeing a specialist or withdrawing the settlement offer, which would prejudice Defendants by increasing the potential recovery amount. Defendants also allege that Plaintiffs have failed to show to a legal certainty that the amount in controversy does not exceed $75,000. Defendants do not address the issue of diversity of citizenship.[27]

## Applicable Law and Analysis

### A. Removal based on diversity jurisdiction under 28 U.S.C. § 1332.

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000,

---

[26] *See*, R. Doc. 9-3.
[27] While the Opposition does not address whether there is complete diversity between the parties, Defendants submitted affidavits from John T. Phillips, Yamid Velasquez Phillips, and Barbara Phillips that provide information about where they lived during various stages of the litigation. (R. Doc. 9-1). The Affidavit submitted by John T. Phillips states that he was a Louisiana citizen on or about February 19, 2016, residing at 162 Tchefuncte Parc Drive in Madisonville, Louisiana, but that the home was sold on June 2, 2016. (R. Doc. 9-1 at 1). The Affidavit states that Phillips purchased a home in Tennessee with his wife, Yamid Velasquez, on June 20, 2016, and that he was living and working in Tennessee when the Petition was filed on August 22, 2016. (R. Doc. 9-1 at 1-2). In the October 17, 2016 Affidavit, Phillips asserts that he is a resident of Tennessee and that he is, "a Tennessee citizen/domiciliary." (R. Doc. 9-1 at 1-2).

The Affidavit submitted by Yamid Velasquez Phillips similarly assets that she was a citizen of Louisiana on February 19, 2016, residing at 162 Tchefuncte Parc Drive in Madisonville, Louisiana, but that the home was sold on June 2, 2016. (R. Doc. 9-1 at 3-4). The Affidavit states that Velasquez purchased a home in Tennessee with her husband, John T. Phillips, on June 20, 2016, and that she was living in Tennessee when the Petition was filed on August 22, 2016. (R. Doc. 9-1 at 3-4). In the October 17, 2016 Affidavit, Velasquez asserts that she is a resident of Tennessee and that she is "a Tennessee citizen/domiciliary." (R. Doc. 9-1 at 3).

Finally, the Affidavit submitted by Barbara Phillips states that on February 19, 2016, she was visiting her son, John T. Phillips, at his home at 162 Tchefuncte Parc Drive in Madisonville, Louisiana. (R. Doc. 9-1 at 6). The Affidavit states that when the Petition was filed on August 22, 2016, Phillips "was not a Louisiana citizen/domiciliary." (R. Doc. 9-1 at 6). In the Affidavit, Phillips asserts that she has never lived in or been a citizen of Louisiana, that she is a resident of and living in California, and that she has no intention to return to Louisiana. (R. Doc. 9-1 at 5-6). Thus, it appears that complete diversity between the parties has been sufficiently established. Citizenship for purposes of diversity is determined at the time of commencement of the suit, not when the cause of action accrued. *See, e.g., Dole Food Co. v. Patrickson*, 538 U.S. 468, 478, 123 S.Ct. 1655, 1662, 155 L.Ed.2d 643 (2003).

exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). The removing party has the burden of proving federal diversity jurisdiction. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

Louisiana law prohibits plaintiffs from specifying a monetary amount of damages in their state court petitions. La. C.C.P. art. 893(A)(1); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). When a plaintiff has not alleged a specific amount of damages, a removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Luckett*, 171 F.3d at 298 (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). The defendant may make the requisite showing in either of two ways: (1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth the facts in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount. *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002); *Luckett*, 171 F.3d at 298.

Whatever the manner of proof, the jurisdictional facts that support removal must be judged at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). If at the time of removal it is facially apparent from the petition that the amount in controversy exceeds $75,000, post-removal affidavits, stipulations and amendments reducing the amount do not deprive

8

the court of jurisdiction. *Id*.; *Asociacion Nacional de Pescadores a Pequena Escalal O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993). However, post-removal affidavits may be considered in determining the amount in controversy if the basis for jurisdiction is ambiguous at the time of removal. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *Grant*, 309 F.3d at 869; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995); *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938).

**B. Defendants have established that there is complete diversity between the parties.**

While the Opposition does not address whether there is complete diversity between the parties, Defendants submitted affidavits from John T. Phillips, Yamid Velasquez Phillips, and Barbara Phillips that provide information about where they lived during various stages of the litigation.[28] The Affidavit submitted by John T. Phillips states that he was a Louisiana citizen on or about February 19, 2016, residing at 162 Tchefuncte Parc Drive in Madisonville, Louisiana, but that the home was sold on June 2, 2016.[29] The Affidavit states that Phillips purchased a home in Tennessee with his wife, Yamid Velasquez, on June 20, 2016, and that he was living and working in Tennessee when the Petition was filed on August 22, 2016.[30] In the October 17, 2016 Affidavit, Phillips asserts that, "I presently reside in Tennessee and intend to remain here indefinitely," and

---

[28] R. Doc. 9-1.
[29] *Id*. at 1.
[30] *Id*. at 1-2.

that, "I have no intention to return to Louisiana."[31] Phillips further declares in the Affidavit that, "I am a Tennessee citizen/domiciliary."[32]

The Affidavit submitted by Yamid Velasquez Phillips similarly asserts that she was a citizen of Louisiana on February 19, 2016, residing at 162 Tchefuncte Parc Drive in Madisonville, Louisiana, but that the home was sold on June 2, 2016.[33] The Affidavit states that Yamid Velasquez Phillips purchased a home in Tennessee with her husband, John T. Phillips, on June 20, 2016, and that she was living in Tennessee when the Petition was filed on August 22, 2016.[34] In the October 17, 2016 Affidavit, Yamid Velasquez Phillips asserts that, "I presently reside in Tennessee and intend to remain here indefinitely," and that, "I have no intention to return to Louisiana."[35] Yamid Velasquez Phillips further declares in the Affidavit that, "I am a Tennessee citizen/domiciliary."[36]

Finally, the Affidavit submitted by Barbara Phillips states that on February 19, 2016, she was visiting her son, John T. Phillips, at his home at 162 Tchefuncte Parc Drive in Madisonville, Louisiana.[37] The Affidavit states that Barbara Phillips was not a citizen or domiciliary of Louisiana when the Petition was filed on August 22, 2016.[38] In the Affidavit, Barbara Phillips asserts that she lives in California and intends to remain in California indefinitely.[39] The Affidavit further provides that Barbara Phillips has never lived in or been a citizen or domiciliary of Louisiana and that she has no intention to return to Louisiana.[40]

---

[31] *Id.* at 2.
[32] *Id.* at 1.
[33] *Id.* at 3-4.
[34] *Id.*
[35] *Id.* at 4.
[36] *Id.* at 3.
[37] *Id.* at 6.
[38] *Id.*
[39] *Id.* at 5-6.
[40] *Id.*

10

Citizenship for purposes of diversity is determined at the time of commencement of the suit, not when the cause of action accrued. *See, e.g., Dole Food Co. v. Patrickson*, 538 U.S. 468, 478, 123 S.Ct. 1655, 1662, 155 L.Ed.2d 643 (2003). "For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *White v. I.N.S.*, 75 F.3d 213, 215 (5th Cir. 1996) (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S.Ct. 1597, 1608, 104 L.Ed.2d 29 (1989)). Here, the parties do not dispute that Plaintiffs were Louisiana citizens at the time the state court Petition was filed on August 22, 2016.[41] Defendants have submitted affidavits showing that when the Petition was filed, John T. Phillips and Yamid Velasquez Phillips were living in Tennessee and intended to remain there indefinitely.[42] Defendants have also submitted an affidavit showing that when the Petition was filed, Barbara Phillips was living in California and intended to remain there indefinitely.[43] Plaintiffs have not presented any evidence to contradict the information contained in the three affidavits. Based on the foregoing, it appears that complete diversity between the parties has been sufficiently established.

### C. Defendants have failed to prove by a preponderance of evidence that the amount in controversy exceeds $75,000.

Despite Defendants' assertion to the contrary, it is not facially apparent from the Petition that the Plaintiffs' claims will exceed the jurisdictional amount of $75,000, exclusive of interest and costs. While Plaintiffs' Petition seek damages "in a sum in excess of Fifty Thousand Dollars and No Cents ($50,000),"[44] Plaintiffs allege broad categories of damage, including pain and suffering, mental anguish and distress, medical expenses, disability, lost wages and/or loss of

---

[41] R. Doc. 1 at 2; *See,* R. Doc. 7-1 at 1; R. Doc. 9 at 2-3.
[42] R. Doc. 9-1 at 1-4.
[43] R. Doc. 9-1 at 5-6.
[44] R. Doc. 1-2 at ¶ 8.

11

earning capacity, loss of enjoyment of life, loss of consortium, loss of service, and loss of society as a result of the underlying dog attack and resulting knee injury suffered by John Hodges.[45] The Petition, however, does not provide any facts for determining the severity of the injuries other than the unsupported categories of damages alleged. "If the complaint is vague with regard to the types of injuries, medical expenses incurred, and future medical problems resulting from the incident, the court must conclude that it was not 'facially apparent' that the amount of damages would exceed $75,000." *Broadway v. Wal-Mart Stores, Inc.*, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000) (citing *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999)). Based on the foregoing, the Court concludes that the amount in controversy is not facially apparent from the Petition.

Since it is not facially apparent from the state court Petition that Plaintiffs' damages will exceed the federal jurisdictional amount, the Court must next consider whether Defendants have met their burden of proving, through summary judgment type evidence, that the amount in controversy in this case is likely to exceed $75,000. As discussed above, the only evidence provided by the Defendants is a copy of the unsigned Irrevocable Stipulation and Renunciation that was sent to the Plaintiffs,[46] the Requests for Admissions propounded by the Plaintiffs,[47] the results from a May 12, 2016 MRI of John Hodges's right knee,[48] and the September 29, 2016 settlement demand letter sent by Plaintiffs' counsel to Defendants' counsel offering to settle John Hodges's claims "for the sum of $50,000.00 plus medical expenses of $2,769.00 plus court costs of $798.00," or a total of $53,567.[49] As explained in greater detail below, the evidence submitted

---

[45] R. Doc. 1-2 at ¶¶ 6-8.
[46] R. Doc. 1-5.
[47] R. Doc. 9-2.
[48] R. Doc. 1-6.
[49] R. Doc. 9-3 at 1-2.

by the Defendants fails to show by a preponderance of the evidence that the amount in controversy exceeds $75,000 in this case.

With respect to the Irrevocable Stipulation and Renunciation,[50] this Court has previously suggested that failure to stipulate that the amount in controversy is below $75,000 is evidence that the amount in controversy exceeds the requisite amount. *Broadway v. Wal-Mart Stores, Inc.*, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000) (citing *Reid v. Delta Gas*, 837 F. Supp. 751, 752-53 (M.D. La. 1993)). While Plaintiffs' failure to sign and return the Irrevocable Stipulation and Renunciation constitutes evidence that the amount in controversy may exceed $75,000 in this case, it is not dispositive of the issue and is only one of the factors considered by the Court in determining whether Defendants have shown, by a preponderance of the evidence, that the federal jurisdictional threshold is met in this case. *See*, *Broadway*, 2000 WL 1560167, at *2 ("Considering the allegations of the petition, the plaintiff's answers to interrogatories regarding the extent of her injuries, and plaintiff's refusal to stipulate that the amount in controversy did not exceed $75,000, the court finds that the defendant has borne its burden of establishing that jurisdictional amount is present."); *See also, McGlynn v. Huston*, 696 F. Supp. 2d 585 (M.D. La. 2010) (finding the defendant failed to establish the amount in controversy exceeded $75,000 after considering a pre-petition demand letter, plaintiff's post-removal stipulation waiving his right to accept more than $75,000 in compensation in the matter, and two affidavits from the defendant); *Reid v. Delta Gas*, 837 F. Supp. 751, 752-53 (M.D. La. 1993) (finding the defendant had shown the amount in controversy exceeded the federal jurisdictional threshold by a preponderance of the evidence after considering plaintiffs' refusal to stipulate the amount in controversy was less than $50,000,

---

[50] R. Doc. 1-5.

plaintiff's deposition testimony regarding his injury and medical treatment, and a letter from plaintiff's neurosurgeon regarding the extent of plaintiff's head injury).

Further, the remaining evidence submitted by Defendants fails to support Defendants' assertion that the amount in controversy exceeds $75,000 in this case. Plaintiffs' Requests for Admissions,[51] which seek information regarding where the Defendants and Barbara Phillips were residing at various times during the course of this litigation, neither support nor contradict Defendants' claim that the amount in controversy is satisfied in this case, as the discovery requests provide no information regarding the amount in controversy. While Defendants argue that Plaintiffs propounded the discovery requests to determine where Defendants and Barbara Phillips were domiciled for purposes of diversity jurisdiction under 28 U.S.C. § 1332, the discovery requests only seek information regarding where Defendants and Barbara Phillips were "living and residing" at a certain time during this litigation, *not* where they were domiciled.[52] The Fifth Circuit has explained that, "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted). Thus, Plaintiffs' Requests for Admissions do not constitute competent evidence bearing on the amount in controversy.

With respect to the results from the May 12, 2016 MRI of John Hodges's right knee, the Plaintiffs' September 29, 2016 settlement demand letter asserts that, "An MRI was performed on May 12, 2016 by Dr. Lawrence W. Glorioso, III and demonstrated tears of the anterior horn of the lateral meniscus. Surgery has not been recommended nor has Plaintiff seen a specialist for the injury."[53] The September 29, 2016 letter further provides that, "Plaintiff's medical specials total

---

[51] R. Doc. 9-2.
[52] R. Doc. 9-2.
[53] R. Doc. 9-3 at 1.

$2,769.00 as of July 13, 2016."[54] Neither party has argued or provided evidence to show that John Hodges has received any additional medical treatment for his knee injury since July 13, 2016. As such, the results of the May 12, 2016 MRI of John Hodges's right knee do not support Defendants' contention that the jurisdictional minimum is in controversy in this case.

With respect to the Plaintiffs' September 29, 2016 settlement demand letter,[55] this Court has previously held that the amount sought in a pre-removal settlement demand letter is valuable evidence to indicate the amount in controversy at the time of removal. *Leonard v. Sentry Select Ins. Co.*, 2016 WL 1393382, at *3 (M.D. La. Mar. 11, 2016), *report and recommendation adopted,* 2016 WL 1369397 (M.D. La. Apr. 6, 2016) (citing *Fairchild v. State Farm Mutual Automobile Ins. Co.,* 907 F. Supp. 969, 971 (M.D. La. 1995)). This Court has also explained that, "While the Fifth Circuit has not conclusively addressed the issue of whether a pre-removal settlement demand letter can be considered as relevant evidence of the amount in controversy, 'it can be inferred from several Fifth Circuit cases that such a practice is permissible when the settlement offer reflects an honest assessment of the value of the plaintiff's claims.'" *Leonard*, 2016 WL 1393382, at *3 (quoting *McGlynn v. Huston*, 693 F. Supp. 2d 585, 595 n.8 (M.D. La. 2010)).

As previously mentioned, on September 29, 2016, after the Petition was filed but before removal, counsel for the Plaintiffs sent a settlement demand letter to counsel for the Defendants offering to settle John Hodges's claim for "$50,000.00 plus medical expenses of $2,769.00 plus court costs of $798.00," or a total of $53,567.[56] The settlement demand letter details the physical injuries that John Hodges allegedly suffered as a result of the underlying dog attack, asserting that

---

[54] *Id*.
[55] R. Doc. 9-3.
[56] R. Doc. 9-3 at 1-2.

Hodges "experienced tenderness and bruising over the patella on the right. He has limited range of motion secondary to pain. Dr. Baronne's clinical impression was right knee strain following the dog attack. Dr. Baronne recommended Mobic for pain and inflammation."[57] The settlement demand letter also asserts that John Hodges received medical treatment for his knee injury from February 23, 2016 until July 13, 2016, and that he has incurred $2,769 in medical expenses as of July 13, 2016.[58] As previously mentioned, the settlement demand letter specifically states that, "Surgery has not been recommended nor has Plaintiff seen a specialist for the injury." Based on the foregoing, the Court concludes that the amount demanded in Plaintiffs' settlement demand letter is an honest assessment of the value of John Hodges's claim, which is below the federal jurisdictional requirement. The settlement demand letter states that John Hodges has incurred less than $3,000 in medical expenses as of July 13, 2016, with no indication that Hodges intended to seek any further medical treatment for which he would incur additional medical expenses. Further, Defendants have not argued or submitted any case law suggesting that damage awards for meniscus tears without surgical intervention may exceed $75,000. Because there is no indication that John Hodges has sought medical treatment for his knee injury after July 13, 2016 or that he has incurred more than $2,769 in medical expenses, the settlement demand letter does not show, by a preponderance of evidence, that the amount in controversy exceeds $75,000 in this case.

Based on the foregoing, Defendants have not shown by a preponderance of evidence that the amount in controversy exceeds $75,000 in this case. As the removing parties, Defendants have the burden of proving that the Court has diversity jurisdiction in this case. *See*, *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). Because the removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt regarding the propriety of removal must be resolved in

---

[57] R. Doc. 9-3 at 1.
[58] R. Doc. 9-3 at 1.

favor of remand, this matter should be remanded to the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana for lack of subject matter jurisdiction. *See*, *Gasch v. Hartford Acc. & Indem. Co*., 491 F.3d 278, 281-82 (5th Cir. 2007).

## Conclusion

Based on the foregoing, Defendants have not met their burden of proving by a preponderance of evidence that the Court has subject matter jurisdiction over the claims asserted by the Plaintiffs based upon diversity jurisdiction under 28 U.S.C. § 1332. Specifically, Defendants have failed to submit sufficient evidence to establish that the requisite amount in controversy has been met in this case.

## RECOMMENDATION

It is the recommendation of the undersigned Magistrate Judge that the Motion to Remand[59] filed by Plaintiffs should be **GRANTED** and that this matter should be **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. § 1332(a).

Signed in Baton Rouge, Louisiana, on May 22, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[59] R. Doc. 7.